IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM HOWARD,** | ) | **CASE NO. 1:07 CV 3240** |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **JULIUS WILSON, Warden,** | ) | **Magistrate Judge Greg White** |
| | ) | |
| Respondent. | ) | **MEMORANDUM OPINION AND ORDER** |

This matter comes before the Court upon the Report and Recommendation of Magistrate Judge Greg White. The Report and Recommendation (Document #12) is ADOPTED IN PART and MODIFIED IN PART by this Court and Petitioner's Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254, filed on March 30, 2007 (Document #1) is CONDITIONALLY GRANTED IN PART and DENIED IN PART.

**Factual and Procedural History**

As set forth by the Magistrate Judge, the factual and procedural history of this case is as follows:

**I. Summary of Facts**

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, factual determinations made by state courts "shall be presumed to be correct." 28 U.S.C. § 2254(e)(1); *see also House v. Bell,* 283 F.3d 37 (6th Cir. 2002). The state appellate court summarized the facts underlying

Howard's conviction as follows:

> [*P3] Seven persons testified at trial. The first person called on behalf of the State was Shannon Woods. Woods lived across the street from the victim, and while not being personally acquainted with the victim and her husband, the appellant, she nonetheless knew who they were and recognized them on the day in question. Woods testified that she was on her front porch on the second story of her house, when she saw the victim, Angela Howard, exit the house with her children, screaming for help. She also saw appellant leave the house after that; she did not see appellant arrive at the house.
>
> [*P4] Jermaine Mosely testified that he was an acquaintance of Howard and that his employer was Howard's father. He further testified that Howard's father had sent him to Howard's house to protect her from appellant. At the relevant time, there was a temporary protection order in place that prevented appellant from being on the premises. On the day of the incident, Mosely was at Howard's residence with his four-month-old son. He testified that he was in an upstairs bedroom with some of the children when he heard Howard scream. He then turned around and saw appellant coming at him with a knife. Until that precise moment, Mosely was unaware of appellant being in the house. A fight ensued and Mosely chased appellant from the house.
>
> [*P5] Howard testified that, on the day in question, there was a temporary protection order in force. Despite this fact, earlier in the day, she had seen appellant walk through her front gate, but then turn away before walking up the front steps. She opined that this was because appellant saw Mosely in the living room with some of the children. After this incident, Howard called 9-1-1 and was on the phone with the police when she observed appellant ride by her house on his bicycle. She reported this fact to the police dispatcher. She testified that sometime after this incident, she was upstairs sitting on a bed with her son while her two daughters were downstairs. When she looked up, she saw appellant standing in the hallway. She testified that she did not give appellant permission to enter the home.
>
> [*P6] In addition to these witnesses, four police officers testified. None of them were present at the time of the alleged aggravated burglary, and hence could not in any fashion testify as to seeing appellant enter the house. More importantly, they did not testify to anything in their investigation that might have indicated how appellant entered Howard's home. It is upon this glaring lapse that appellant assigns his first error.

*State v. Howard*, 2005 Ohio App. LEXIS 4639, 2005-Ohio-5135 ¶¶3-6 (Ohio Ct.

App. Sept. 29, 2005).

## II. Procedural History

### A. Conviction

On August 9, 2004, the Cuyahoga County Grand Jury charged Howard with six counts of aggravated burglary in violation of Ohio Revised Code ("O.R.C.") § 2911.11, one count of felonious assault in violation of O.R.C. § 2903.11, and one count of violating a temporary protection order in violation of O.R.C. § 2919.27. (Doc. No. 9, Exh. 1.)

Howard, represented by counsel, pled "not guilty"and the matter proceeded to jury trial.  Prior to charging the jury, the trial court merged the six counts of aggravated burglary into one.  Howard was found guilty of all charges as amended.

On October 14, 2004, the trial court sentenced Howard to a term of five years incarceration for aggravated burglary, five years incarceration for felonious assault, and six months incarceration for violating the temporary protection order. (Doc. No. 9, Exh. 3.) The sentences were to be served concurrently. *Id*. The trial court also imposed a five-year term of post-release control. *Id*.

### B. Direct Appeal

Howard, through new counsel, filed a timely Notice of Appeal with the Court of Appeals for the Eighth Appellate District ("state appellate court") asserting the following assignments of error:

1. The trial court erred by not granting Appellant's motion for judgment of acquittal because the State failed to prove that he acted with force, stealth, or deception elements of aggravated burglary.

2. The trial court denied Appellant a fair trial and due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States as well as Article I, Section 10 of the Ohio Constitution.

3. Appellant was denied his constitutional right to the effective assistance of counsel at trial.

(Doc. No. 9. Exh. 4.)

On September 29, 2005 the state appellate court sustained Howard's first assignment of error. (Doc. No. 9, Exh. 6.) The court vacated the sentence as to the aggravated burglary conviction and remanded the matter to the trial court "to correct the conviction and sentencing journal entry to reflect the findings of this

court." *Id*. Howard's two remaining assignments of error were overruled. *Id*. No appeal from this decision was attempted.

### C. Trial Court's New Sentence

In a journal entry dated November 10, 2005, the trial court, following the state appellate court's remand order, corrected the sentencing journal entry by vacating the sentence previously imposed for the burglary conviction. This left intact the concurrent sentences of five years incarceration for the felonious assault conviction and six months incarceration for violating the temporary protection order. (Doc. No. 9, Exh. 7.) The portion of the order imposing five years of post-release control was not changed. *Id*.

Howard was appointed new appellate counsel, but his appeal from his corrected sentence was dismissed *sua sponte* for failing to file the record. (Doc. No. 9, Exhs. 8 & 9.) He subsequently filed a motion for reconsideration which the state appellate court granted. (Doc. No. 9, Exh. 10.) Howard, through counsel, then raised only one assignment of error on appeal: "[t]he trial court erred by holding a resentencing proceeding outside of appellant's presence." (Doc. No. 9, Exh. 11.) On December 16, 2006, the court affirmed the conviction and sentence. (Doc. No. 9, Exh. 13.)

On January 22, 2007, Howard, *pro se*, filed an appeal with the Supreme Court of Ohio alleging that he was denied effective assistance of appellate counsel and due process when he was resentenced without being present at the hearing. *Id*. On April 18, 2007, the Supreme Court of Ohio dismissed the appeal as not involving any substantial constitutional question. (Doc. No. 9, Exh. 16.)

### D. Application to Reopen Appeal / Postconviction Relief

The record does not reflect that Howard ever filed an application to reopen his appeal or sought any other post-conviction relief.

### E. Federal Habeas Petition

On October 22, 2007, Howard filed a Petition for Writ of Habeas Corpus and asserted the following grounds for relief:

> GROUND ONE: Petitioner was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution.
>
> GROUND TWO: When the Court of Appeals affirms the trial court's re-sentencing of Petitioner outside his presence without a knowing and intelligent waiver, Petitioner is denied due process of law in violation of

-4-

>   the Fourteenth Amendment to the U.S. Constitution.

(Doc. No. 1.)

On October 8, 2008, the Magistrate Judge issued a Report and Recommendation, recommending that Petitioner's Petition be granted in part and reversed in part.  The Magistrate Judge recommends that the Court deny Petitioner's due process claim and ineffective assistance of appellate counsel claim for failing to raise retroactive misjoinder.

The Magistrate Judge further recommends that the Court conditionally grant the Petition with respect to Petitioner's claim that appellate counsel was ineffective in failing to challenge the Trial Court's imposition of a five-year term of post-release control.  The correct term of post-release control is three years.

Respondent filed Objections to the Report and Recommendation on October 17, 2008 (Docket #12).  Respondent agrees that the reference to a five-year term of post-release control was in error.  However, Respondent argues that the error will not prejudice Petitioner because the Bureau of Prisons will impose the correct, statutory three-year term.  Therefore, Respondent asserts that no relief is required.

**Standard of Review for a Magistrate Judge's Report and Recommendation**

The applicable district court standard of review for a magistrate judge's report and recommendation depends upon whether objections were made to the report.  When objections are made to a report and recommendation of a magistrate judge, the district court reviews the case *de novo*.  FED. R. CIV. P. 72(b) provides:

>   The district judge must determine de novo any part of the magistrate judge's
>   disposition that has been properly objected to.  The district judge may accept,
>   reject, or modify the recommended disposition; receive further evidence; or
>   return the matter to the magistrate judge with instructions.

The Court has reviewed the Report and Recommendation *de novo*, and the objections to the Report and Recommendation raised by Respondent, and finds the Report and Recommendation to be well-reasoned and correct. The Magistrate Judge thoroughly, exhaustively and comprehensively analyzed all of the issues raised by Petitioner and correctly determined that the Petition should be denied in part and conditionally granted in part.

Petitioner's Petition for Writ of Habeas Corpus is hereby DENIED with respect to his due process claim and his claim that counsel was ineffective in failing to raise retroactive misjoinder. Petitioner's Petition for Writ of Habeas Corpus with respect to his claim that appellate counsel was ineffective for failing to raise the issue of a sentencing violation is hereby CONDITIONALLY GRANTED. As there is admittedly no disagreement that the correct term of post-release control is three years, the Court hereby modifies the recommendation of the Magistrate Judge, and directs the State of Ohio to resentence Petitioner in accordance with this Memorandum Opinion within ninety (90) days of this decision, or, if an appeal is taken from this Court's ruling, within ninety (90) days from the resolution of the appeal (provided that this Court's determination with respect to the sentencing violation issue stands), or release him.

Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c); FED. R. APP. P. 22(b).

IT IS SO ORDERED.

    s/Donald C. Nugent
DONALD C. NUGENT
United States District Judge

DATED: November 4, 2008